LILLIE CLARK *vs.* STAR OF HOPE LODGE, NO. 12, ORDER OF SHEPHERDS OF BETHLEHEM.

Third Judicial District, New Haven, June Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

A by-law of a fraternal benefit society provided that a member who was thirteen weeks in arrears for dues should stand suspended from sick benefits; another declared that a member, while sick and entitled to benefits, could not be suspended for the non-payment of dues accruing during such illness. In an action to recover benefits on account of an illness reaching from the middle of December to the middle of the following March, it was *held* that a suspension of the plaintiff in July, for the nonpayment of dues since the first of February, would not debar her from recovering benefits up to the end of her illness in March, and that a valid suspension for the nonpayment of dues accruing thereafter could not affect her right to benefits accruing theretofore.

A further by-law required a sick or disabled member desiring benefits to report in writing to the scribe, stating the nature of the illness or disability, and provided that the benefits should date from the time of such report, and should be forfeited if the report was not made. *Held* that the evident purpose of this rule was to enable the society, through its relief committee, to ascertain the real condition of a member who claimed to be ill, and thereby prevent imposition upon its treasury; and therefore mere defects in the form, manner, or time of giving the notice, might be waived by the action of the relief committee sanctioned by the society itself.

Argued June 3d—decided August 3d, 1908.

ACTION by a member of a fraternal benefit association to recover an amount of sick benefits alleged to be due her,

brought to and tried by the City Court of New Haven, *Tyner, J.;* facts found and judgment rendered for the plaintiff for $52 damages, and appeal by the defendant. *No error.*

*Charles S. Hamilton* and *George A. Tyler,* for the appellant (defendant).

*Carl A. Mears,* for the appellee (plaintiff).

HALL, J.  The plaintiff brings this action to recover benefits she claims to be entitled to receive under the by-laws of the defendant society, on account of her sickness from December 10th, 1906, to March 11th, 1907, amounting, at $4 per week, to $52.

These provisions are among the by-laws of the society: " A member who is thirteen weeks in arrears for dues shall stand suspended from sick benefits. . . . Any member of this Lodge becoming ill, or disabled, desiring benefits, must report in writing to the scribe, stating the nature of illness or disability, the benefit to date from the time of said report, and failure to make such report will forfeit the right to benefits. . . . All benefits must be recommended by the relief committee and voted by a majority of all present."

The defendant contends that these provisions forbid a recovery by the plaintiff upon the facts found.

First, it is said that it appears that on the 8th of July, 1907, the plaintiff was suspended from all benefits on account of her failure to pay dues since January 27th, 1907. But there is a provision of the by-laws that a member while sick and entitled to benefits cannot be suspended for the nonpayment of dues accruing during such illness. The suspension of the plaintiff for the nonpayment of dues accruing after March 11th, 1907, would therefore not debar her from recovering benefits for illness before that date.

Next, it is claimed that the plaintiff failed to give the required notice or report of her illness. It is found that

prior to December 10th a lady wrote (we may assume at the plaintiff's request) to the accountant of the defendant lodge notifying her of the plaintiff's sickness; that the contents of such letter were communicated to the scribe; that thereafter the relief committee, whose duty it was to visit sick members and report their condition, visited the plaintiff until after March 11th, 1907, and reported to the lodge at every meeting night. As the evident purpose of the required notice was to enable the society, through its relief committee, to ascertain the real condition of a member claiming to be ill, and so prevent imposition upon the society by a feigned illness, such action of the relief committee, sanctioned by the lodge, was a waiver of any defect in the form, or the manner, or time of the giving of the plaintiff's notice or report of her illness.

Finally, it seems to be claimed that it appears that no benefits were recommended by the relief committee, and none were "voted by a majority of all present," but that the report of said committee and the vote of the lodge were adverse to the plaintiff, and that the plaintiff failed to appeal therefrom.

The finding discloses no such facts. On the contrary, it is found that the relief committee reported that the plaintiff was entitled to benefits, but no minute of such recommendation was entered in the record by the scribe. If the report and vote thereon had been that she was not entitled to benefits, notice of such action would have been given the plaintiff to enable her to appeal from such decision if she desired to. While it is not expressly found that the recommendation of the committee was adopted by a majority vote, such was the only notice given to the plaintiff. The defendant denies in its answer that benefits were recommended by the relief committee or voted by the lodge as required. The judgment-file shows that the issues so raised by the pleadings, as to the recommendation of benefits by the relief committee and the adoption or approval of such recommendation by the lodge by "a majority vote of all present," were found for the plaintiff. We find

nothing in the finding of facts inconsistent with that conclusion.

There is no error.

In this opinion the other judges concurred.